**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FREAR STEPHEN SCHMID; ASTRID
SCHMID,

No. 21-15722

            Plaintiffs-Appellants,

D.C. No. 3:19-cv-00883-JD

   v.

MEMORANDUM[*]

COUNTY OF SONOMA,

            Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted January 13, 2022
San Francisco, California

Before: GOULD, BENNETT, and R. NELSON, Circuit Judges.

This appeal arises from the denial of a building permit exemption that would

have allowed Appellants' barn, illegally constructed without building permits,

lawfully to remain on the land in compliance with the Sonoma County Municipal

Code. We mention the facts only as necessary to explain our decision.

In or around 2000, Appellants Frear and Astrid Schmid ("Schmids")

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

constructed a barn on their property without obtaining the necessary permits. After the Schmids received a citation from Sonoma County for their unpermitted construction of the barn, they applied for an agricultural building exemption from the usual building permit requirements.

Sonoma County sent an inspector to assess whether the building was being used for agricultural purposes. When the inspector arrived, the barn was closed, but the inspector noticed that it was being used to store vehicles and not for agricultural purposes. The Schmids objected to that assessment. The inspector offered to conduct a second inspection, but said he would need access to the inside of the barn. The Schmids did not allow this, claiming that the County could not condition its grant of the agricultural exemption on an inspection of the interior of their barn. Sonoma County then denied the Schmids' request for an agricultural exemption.

The Schmids brought a § 1983 claim in the district court challenging the denial of their permit exemption. The district court granted summary judgment for the County of Sonoma. The Schmids appeal, and we affirm the district court.

Summary judgment is proper when there is no dispute as to the material facts of the case. Fed. R. Civ. P. 56. We consider whether, "viewing the evidence in the light most favorable to the nonmoving party, . . . there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.,* 330 F.3d 1110, 1131–

32 (9th Cir. 2003). "A predicate for any unconstitutional conditions claim is that the government could not have constitutionally ordered the person asserting the claim to do what it attempted to pressure that person into doing." *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 612 (2013). Here, the Schmids contend that the County of Sonoma could not constitutionally order them to submit to an interior inspection of their barn to obtain the agricultural building exemption.

Section 7-7(b) of the Sonoma County Municipal Code requires that a written application for an agricultural exemption be filed with the chief building official. The application must include a description of the present use of the land, a description of the building or structure to be exempted, and its proposed use. When construction of the structure is completed, an inspection must be performed by permit resource management division staff to ensure that the structure is complete and is being used for the purpose listed on the application. Sonoma County, Cal., Mun. Code § 7-7(d).

The Schmids argue that Sonoma County is violating the unconstitutional conditions doctrine by pressuring them to submit to an interior inspection of their barn before issuing an exemption in violation of their Fourth Amendment rights. Appellants contend that the inspection must occur *after* issuance of the permit or exemption as stated in Section 7-7(d) of the Sonoma County Municipal Code.

We reject Appellants' argument. First, Appellants admit that the County could constitutionally require an inspection in connection with the building permitting process. Appellants simply contend that the inspection must come after a grant of the exemption. But under the circumstances here, the timing of the constitutional act does not render it unconstitutional. Also, it makes no sense to require the issuance of a building permit exemption before the inspection of the target structure or premises. Such a requirement would be the equivalent of putting the cart before the horse. Allowing exemptions without inspection would promote a lack of safety and the misuse of the building code procedures.

Appellants constructed an unpermitted barn on their property. Section 7-7 of the Sonoma County Municipal Code makes clear that an application for the agricultural exemption should be made before the structure is constructed and placed on the land. Appellants objected to an inspection after the barn was constructed. But an inspection is proper. As outlined in Section 7-7(d) of the County's Municipal Code, once the construction on the structure (i.e., the barn) is completed, an inspection must be performed by the County's permit resource management division staff. The Schmids completed construction of the barn years before any discussion of an inspection. Now that they have applied for a permit exemption, the County may require an inspection.

Appellants' second contention is that their due process rights were violated at the Board of Building Appeals ("BOBA") hearing regarding the Schmids' unpermitted barn. "The base requirement of the Due Process Clause is that a person deprived of property be given an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 984 (9th Cir. 1998) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). Appellants were not denied their procedural due process rights because they received notice of, and were able to participate in, the hearing before the BOBA. Appellants received ample opportunity to present their evidence. Appellants plead their case and the County put on evidence. Appellants assert that the hearing was conducted in an impromptu, "ad hoc manner," with Appellants being denied the right to cross examine witnesses or present evidence in a meaningful fashion. Under normal administrative law procedures, "the opportunity to cross-examine witnesses [is not] mandatory in all cases." *Buckingham v. Sec'y of U.S. Dep't of Agric.*, 603 F.3d 1073, 1083 (9th Cir. 2010). Appellants fail to establish any due process violation.

**AFFIRMED.**